## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

MICHAEL GOZA,

    Plaintiff,

v.                                                                              Case No. 17-cv-2873

MEMPHIS LIGHT, GAS AND WATER DIVISION,
a division of the City of Memphis, Tennessee,

    Defendant.

---

### PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE WITNESSES

---

Plaintiff Michael Goza moves the Court to preclude Defendant from offering Jose Salazar, Keedran Franklin, and Sarah Orndorff as witnesses at trial. Defendant never disclosed Jose Salazar as a potential witness in Rule 26 disclosures or in response to Plaintiff's interrogatories. Furthermore, testimony of the three proposed witnesses is not relevant to the claims or defenses before the Court, as no decision-maker at MLGW ever spoke to them or communicated with any of the witnesses prior to making its employment decisions against Mr. Goza. Instead, the communication between all three individuals was limited to the written complaints they submitted to MLGW against Mr. Goza's employment. Accordingly, their testimony is irrelevant to any of the claims or defenses before the Court other than the fact that they did submit written complaints. Accordingly, the Court should exclude their testimony from trial.

### I. BACKGROUND

1.     On February 9, 2018, Defendant submitted its initial disclosures. (Ex. A). Defendant did not identify Jose Salazar, Keedran Franklin, and Sarah Orndorff as individuals with relevant knowledge of Plaintiff's claims of MLGW's defenses.

2. On March 19, 2018, Defendant answered Plaintiff's First Set of Interrogatories and identified Mr. Franklin and Ms. Orndorff as individuals with knowledge of facts relating to the Complaint and any defenses raised by Defendant in its Answer. In its description of what knowledge these individuals might possess, Defendant wrote: "Keedran Franklin, MLGW customer who posted regarding Plaintiff's Facebook activity." Defendant described Ms. Orndorff as "MLGW customer who complained regarding Plaintiff." (Ex. B).

3. Defendant never identified Mr. Salazar in supplementing its Rule 26 disclosures or in answering or supplementing its answers to written discovery.

4. No MLGW employee or decision-maker testified that he/she spoke to Mr. Franklin, Mr. Salazar, or Ms. Orndorff or had any contact with these individuals other than receiving the written complaint of Ms. Orndorff (Ex. C: MLGW000611-000614) and seeing Mr. Salazar's Facebook post (Ex. D: MLGW2085) and Mr. Franklin's Facebook post complaining of Mr. Goza's employment with MLGW (Ex. E: Leonard Dep., Ex. 22). MLGW did not identify Ms. Orndorff, Mr. Salazar, or Franklin as MLGW customers and they were not among the customers that MLGW considered in making its decision with regard to Mr. Goza. (Ex. F: 30(b)(6) Dep. at 16:23–18:15, Ex. 55).

5. In its Rule 26(a)(3) disclosures filed on Monday, November 5, 2018—two days after the Rule 26 deadline for filing, Defendant identified Mr. Franklin, Ms. Orndorff, and Mr. Salazar as potential witnesses. (Dkt. 57). This is the first time Mr. Salazar has been identified by Defendant as a potential witness.

## II. LAW AND ARGUMENT

### A. Failure to Disclose Jose Salazar

The Court should exclude Jose Salazar as a witness because Defendant failed to identify and/or disclose him as a witness in its Rule 26(a)(1) disclosures and in its discovery responses. In

fact, Mr. Goza did not learn that Defendant might call Mr. Salazar or that it was relying on any testimony from Mr. Salazar until Defendant filed its Rule 26(a)(3) pretrial disclosures. Notably, Defendant filed these disclosures untimely and not "at least 30 days before trial" as required by Rule 26.

Federal Rule 26(a)(1)(A)(i) provides that a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party **may** use to support its claims or defenses." (emphasis added). Federal Rule 26 also imposes a duty to supplement a disclosure. Fed. R. Civ. P. 26(e).

Rule 37 sets forth the penalty for failing to comply with Rule 26's mandatory disclosure obligations. Indeed, Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37 "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was *harmless* or is *substantially justified*". Roberts v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted). Thus, if a party fails to meet the disclosure requirements of Rule 26(a), "exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." Dickenson v. Cardiac and Thoracic Surgery of E. Tenn., 388 F.3d 976, 983 (6th Cir. 2004). Further, the party that fails to disclose "has the burden to prove the application of one of these exceptions." Roberts v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003). In determining whether a violation of Rule 26 is "harmless," the Court considers whether the failure to disclose "involves an honest mistake on the part of a party coupled with

3

sufficient knowledge of the part of the other party." Hubbell v. FEDEX Smartpost, Inc., 2017 U.S. Dist. LEXIS 1002, at *4 (E.D. Mich. Jan 4, 2017) (citing Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 1993)).

### 1. Failure to Disclose was not Substantially Justified or Harmless

In the Court's Scheduling Order, the written discovery deadline was set for July 17, 2018. (Dkt. 20). Additionally, Defendant served its initial disclosures on Plaintiff on February 9, 2018, and Plaintiff served Defendant with her first set of interrogatories on January 25, 2018, which specifically requested that Defendant identify all individuals with knowledge. Defendant served its responses on March 20, 2018. (Ex. B). In the significant time that has lapsed since serving its initial disclosures and responding to Plaintiff's first set of interrogatories, Defendant never sought an extension of time to supplement its responses to Plaintiff's discovery requests, nor did it convey to Plaintiff or the Court that it had additional witnesses that needed to be disclosed.

Defendant did not name Jose Salazar in its initial disclosures or discovery responses. Instead, Defendant disclosed this name for the first time in its Pretrial Disclosures, which were also untimely filed per Rule 26. Although Plaintiff had obviously seen Mr. Salazar's name one time on one document, it was not at all clear that Mr. Salazar had any information relevant to the case, especially since he was not one of the MLGW customers that MLGW relied upon in making its decision to terminate Mr. Goza. (Ex. F). Due to Defendant's late disclosure on the eve of trial and well after the discovery deadlines have lapsed, Plaintiff is unable to depose the witness or serve any further discovery requests seeking information regarding Mr. Salazar's alleged relevant knowledge.

Such a strategy, which unduly prejudices Plaintiff, is expressly not permitted by the Federal Rules of Civil Procedure. This Court in Johnson v. Peake, faced this same situation and excluded a list of late disclosed witnesses while noting that this "sanction of exclusion is automatic and

4

mandatory" unless the late disclosing party can meet its burden in showing that the failure was justified or harmless.  <u>Johnson v. Peake</u>, Case NO. 08-2472 (Dkt. No. 64) (attached hereto as Exhibit G).

A weighing of the relevant factors supports only one conclusion: that Defendant's failure to disclose Jose Salazar is not justified nor harmless.  Accordingly, pursuant to Rule 37, the Court should exclude him from use at trial.

### 2. Use of Non-disclosed Witness as an Improper "Rebuttal" Witnesses

To the extent that Defendant will attempt to offer Mr. Salazar as a "rebuttal witness," Defendant has failed to comply with Rule 26, and the Court should not permit Defendant to offer these individuals as witnesses.  As the 2000 amendments to the Federal Rules of Civil Procedure make crystal clear, Rule 26 creates an affirmative obligation to identify all witnesses **(by name, address and telephone number)** that the disclosing party "may use" to support its claims or defenses.  Fed. R. Civ. P. 26 advisory committee notes (2000 Amendment).  Here, Defendant wholly failed to do so.  Similarly, it is not sufficient for a party to state that particular witnesses are to be used only for rebuttal witnesses. "The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or *rebuttal* of the allegations, claim, or defenses of another party."  <u>Id.</u> (emphasis added).

Second, as the Court is aware, a rebuttal witness is fundamentally different than an impeachment witness.  <u>Johnson v. Peake</u>, Case No. 08-2472 (Dkt. No. 64) (excluding rebuttal witnesses while expressly holding that rebuttal witnesses are separate and distinct from impeachment witnesses and therefore must be disclosed under Rule 26).  Plaintiff does not object to the use of a witness who will truly only be used for impeachment purposes.  Indeed, Rule 26 does not require the disclosure of witnesses whose purpose is solely for impeachment.  Fed. R. Civ. P. 26(a)(1)(A).  Plaintiff does, however, object to Defendant's use of these individuals for

5

rebuttal purposes, as they were not timely disclosed and/or identified by Defendant.  Again, as noted above, Rule 26 requires the disclosure of rebuttal witnesses.  Fed. R. Civ. P. 26 advisory committee notes (2000 Amendment) ("The disclosure obligation…requires a party to disclose information it may use to support its denial or *rebuttal* of the allegations, claim, or defenses of another party"); see also United States v. M&T Mortgage Corp., 518 F.Supp.2d 108, 114(D.D.C. 2007) ("[T]here [is] no 'rebuttal' exception to [Rule 26(a)(1)]."); Jeffries v. Centre Life Ins. Co., 2004 WL 5506494, at *1 (S.D. Ohio Jan. 28, 2004); Searles & Van Bebber, 251 F.3d 869, 877-78 (10th Cir. 2001) (affirming exclusion of "rebuttal" witness because testimony went to issue identified in the pretrial order).  To the extent Defendant offers Cynthia Alexander-Mitchell or Natalie McKinney as rebuttal witnesses, any such use should be deemed improper.

**B.  Witnesses Jose Salazar, Keedran Franklin, and Sarah Orndorff should be excluded under Rules 401-403**

Even if all three witnesses had been timely disclosed, they should be excluded as their testimony is not relevant to any claims or defenses at issue in this case.  Specifically, Sarah Orndorff submitted a written complaint about Mr. Goza's continued employment with Defendant after seeing his Facebook posts.  Mr. Franklin and Mr. Salazar posted on Facebook about Mr. Goza and called for Defendant to take action against Mr. Goza.  No one who works for MLGW and certainly none of the decisionmakers spoke to any of these witnesses directly.  Thus, Defendant's only contact with them was the receipt of their complaints.  Furthermore, none of the three individuals were ever identified as an MLGW customer or were considered as an MLGW in its decision to terminate Mr. Goza. (Ex. F). The possible relevant information these witnesses may have is the limited to the contents of their individual complaints.  Because these witnesses were not interviewed, only decision-makers involved in the decision to terminate Mr. Goza will have knowledge related to whether Defendant received and observed the complaints.  Any further

6

testimony is completely irrelevant because nothing they have to say outside of what MLGW received and observed was or could have been a factor in MLGW's decision.

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Civ. P. 401.  "Irrelevant evidence is not admissible."  Fed. R. Civ. P. 402.  Under Rule 403, a court may exclude evidence even if relevant "if its probative value is substantially outweighed by a danger of one more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

Here, the testimony of Messrs. Salazar and Franklin and Ms. Orndorff is not relevant to the claims and defenses before the Court.  It is does not make any fact more or less probable and is not of consequence in determining the action.  Specifically, Defendant claims that it took action against Mr. Goza after receiving written complaints from a handful of individuals like these witnesses.  Defendant did not speak to these individuals personally and never identified them as MLGW customers.  Thus, the only relevant issues are whether Defendant received or observed their complaints, whether taking action based on the receipt of those complaints violated Mr. Goza's First Amendment rights, and whether that action was discriminatory because similarly situated, non-white employees were punished less severely despite engaging in actions that were much more serious than the words Mr. Goza posted.  Accordingly, these witnesses offer nothing that would make any of these facts more or less probable.

Furthermore, any potential relevancy is outweighed by the influence that their testimony about why they took action might have on the finder of fact as it will mislead the factfinder into confusing this testimony for something that Defendant could have actually considered, given that Defendant never spoke to them.  Further, as these individuals were part of the group that was advocating Mr. Goza's termination, they are likely to testify as advocates for the actions taken by

Defendant. In response, Mr. Goza would be forced to call individuals who advocated for his retention, which would ultimately turn the matter into a sideshow that would distract from the factfinder from the actual issues it should be considering. As such, their testimony should be excluded under Rule 403.

## II. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant his motion in limine and exclude the identified witnesses Keedran Franklin, Sarah Orndorff, and Jose Salazar from testifying at trial.

Respectfully submitted,

/s/ Bryce W. Ashby
Donald A. Donati, TN Bar #8633
Bryce W. Ashby, TN Bar #26179
Janelle C. Osowski, TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
901-278-1004
don@donatilaw.com
bryce@donatilaw.com
janelle@donatilaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served via email and the court's ECF system on the attorneys for Defendant via the Court's ECF system on this the 13th day of November, 2018.

/s/ Bryce W. Ashby