# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MICHAEL GOZA,

    Plaintiff,

v.                                                     Case No. 17-cv-2873

MEMPHIS LIGHT, GAS AND WATER DIVISION,
a division of the City of Memphis, Tennessee,

    Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiff submits this memorandum in support of his motion for award of attorney's fees and costs. In support, Plaintiff states as follows:

### I. INTRODUCTION

This case was principally about Defendant's discrimination against Plaintiff when it demoted and terminated him in October 2017 because of protected speech and on the basis of race. Since he prevailed on both claims, Plaintiff now moves for an award of attorney's fees in the amount of $259,890.00 and costs in the amount of $10,692.88. As the Court is aware, when a party chooses to tenaciously litigate a case, it cannot be heard to complain about the time spent by the opposing party in prosecuting their claims. See City of Riverside v. Riviera, 477 U.S. 561, 581 n.11 (1985). Accordingly, as set forth below, the Court should award all of the attorney's fees and costs sought by the Plaintiff in this case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. On December 1, 2017, Defendant filed a complaint against Defendant for violating his free speech rights contained in the First Amendment to the U.S. Constitution and for discrimination based on race in violation of 42 U.S.C. § 1981 and the Tennessee Human Rights Act. (Doc. 1). Defendant filed an Emergency Motion to Seal Portions of the Complaint and Motion for Protective Order; both were denied. (Docs. 9, 13).

2. A scheduling order was entered on January 29, 2018. (Doc. 20).

3. Defendant then filed an Answer denying Plaintiff was entitled to any relief. (Doc. 21).

4. Thereafter, the parties then proceeded to serve initial disclosures as required by Rule 26.

5. The parties engaged in extensive discovery in this case. The parties served and exchanged written discovery requests (interrogatories, request for production of documents, requests for admissions) and took nine (9) depositions. Throughout the course of discovery, thousands of pages of documents were produced by the parties.

6. Following the close of discovery, Plaintiff filed a motion for partial summary judgment as to his first amendment claim. (Doc. 39). On September 19, 2018, Defendant filed a motion for summary judgment as to all claims. (Doc. 41). Responses and replies were filed for each summary judgment motion. (Docs. 45, 48, 52 and 54).

7. Before the Court entered an order on either motion for summary judgment, Defendant filed a Motion for Default Judgment. (Doc. 55).

8. The parties filed pre-trial disclosures. (Docs. 56, 57, 60). The parties filed motions in limine (Docs. 62, 64-68).

9. Plaintiff filed proposed jury instructions and a proposed jury verdict form. (Doc. 69). Plaintiff also filed a motion to strike jury trial, which the Court subsequently granted. (Doc. 61 and 91).

10. A pretrial conference was held on November 20, 2018. (Doc. 85). Shortly thereafter, the trial was reset for February 25, 2019. (Doc. 88).

11. On January 9, 2019, the Court denied both motions for summary judgment. (Doc. 92).

12. The pretrial order was entered, and a bench trial was conducted in this case on February 25-27, 2019. (Docs. 98-101). Plaintiff was represented at trial by Bryce W. Ashby and Donald A. Donati. Defendant was represented by three attorneys: Robert W. Ratton, Courtney Leyes and Jeff Weintraub. Defendant also had a paralegal assist at trial.

13. After the close of Plaintiff's case and the close of Defendant's case, Defendant moved for judgment as a matter of law under Rule 50. (Docs. 100-101). The Court heard arguments from the parties regarding Defendant's motion and denied the motion. (Docs. 100-101). Based on the proof at trial, Plaintiff moved to amend the pleadings; the Court took this motion under advisement. (Doc. 101).

14. The parties were directed to submit briefs in lieu of closing arguments. (Doc. 101-102).

15. Plaintiff filed his trial brief on March 7, 2019 (Doc. 107); Defendant filed its response, and Plaintiff filed a reply. (Docs. 112-113).

16. On June 14, 2019, the Court entered its Order and Opinion ultimately finding that Plaintiff succeeds on all claims. (Doc. 122).

17. A final judgment was entered on June 24, 2019. (Doc. 126).

## III. LAW & ARGUMENT

### A. Plaintiff's Request for Attorney's Fees

Attorney's fees are recoverable for civil rights violations brought under 42 U.S.C. §§ 1981 and 1983. See 42 U.S.C. § 1988(b) (providing for an award of attorney's fees to a prevailing party for actions brought under §§ 1981 and 1983). Fed. R. Civ. P. 54(d)(2) states that a motion for attorney's fees and related nontaxable expenses must be filed no later than 14 days after the entry of judgment. W.D. Tenn. Local Rule 54.1(b) further provides that a motion for attorney's fees and related nontaxable expenses must be filed "within 14 days from the date the Court's judgment becomes final."[1]

The U.S. Supreme Court has set forth standards applicable to statutory fee awards. See Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983). To recover fees, a plaintiff must be the "prevailing party." Hensley, 461 U.S. at 432. The "prevailing party" is a party who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Id. In light of the Court's order and opinion in Plaintiff's favor on all claims, it is undisputed that Plaintiff is a prevailing party in this case.

A prevailing plaintiff is entitled to recover attorney's fees based upon the "lodestar" measure. The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433; see also Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). The lodestar figure is presumed to be a reasonable fee. See City of Riverside v. Rivera, 477 U.S. 561, 568 (1986).

Further factors, which may be considered by the Court, to increase or decrease the amount of fees sought include: "(1) the time and labor required; (2) the novelty and difficulty of the

---

[1] Plaintiff filed an unopposed motion for extension of time to file this motion for attorney's fees (Doc. 130); the Court granted Plaintiff's motion and extended the time to file to July 22, 2019. (Doc. 131).

question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). "These factors derive directly from the American Bar Association Code of Responsibility, Disciplinary Rule 2-106 (1980)." Id.

### 1. The Hourly Rates Sought By Plaintiff's Counsel Are Reasonable And Supported By Competent Evidence

Typically, a reasonable hourly rate is the ordinary rate for similar work in the community where the case has been litigated. Hadix v. Johnson, 65 F.3d 532, 536 (6th Cir. 1995). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 900 n. 11 (1984). See also Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.").

In this case, the reasonable hourly rates of Plaintiff's attorneys are: $325 per hour for Bryce W. Ashby, $425 per hour for Donald A. Donati, $375 for William B. Ryan and $275 for Janelle C. Osowski. See: Exhibit A, Declaration of Bryce W. Ashby; Exhibit B, Declaration of Donald

5

A. Donati; Exhibit C, Declaration of William B. Ryan; Exhibit D, Declaration of Janelle C. Osowski. Plaintiff's attorneys are seasoned and experienced attorneys, who specialize in handling federal court litigation matters.[2] Also, according to experienced and well-respected employment law attorneys, Robert L.J. Spence, Jr., Dan M. Norwood and Jeff Rosenblum, the hourly rates charged by Plaintiff's counsel are similar to the rates for comparably experienced employment law attorneys in the Memphis legal market handling employment and civil rights cases. See Exhibit E, Declaration of Robert L.J. Spence, Jr.; Exhibit F, Declaration of Dan M. Norwood; Exhibit G, Declaration of Jeff Rosenblum. Thus, the hourly rates sought by Plaintiff's counsel are reasonable and supported by competent evidence and should be approved by the Court.[3]

## 2. Plaintiff's Fees Are Reasonable and Were Necessarily Incurred

The fees requested by Plaintiff's counsel were also reasonably and necessarily incurred. As an initial matter, it should be noted that the Defendant put up a spirited and hard-fought defense. Thus, it was necessary for Plaintiff to likewise vigorously prosecute and press his claim to trial. See City of Riverside v. Riviera, 477 U.S. 561, 581 n.11 (1985) (noting a defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in

---

[2] Mr. Ryan was awarded the rate of $300 per hour by this Court in the case of Monroe v. FTS USA, LLC et al., 2014 U.S. Dist. LEXIS 128451 (W.D. Tenn. July 28, 2014). This case was filed in 2008 and resulted in a trial victory in 2011. Mr. Ryan and Ms. Osowski were awarded the rates of $350 and $225, respectively, in the case Meachem v. Memphis Light, Gas and Water, W.D. Tenn. 14-02156, (Docs. 114, 149). This case was filed in 2014 and resulted in a trial victory in 2015. Like the rates of Defendant's counsel, these hourly rates have increased over the last few years. Here, this case was filed at the end of 2017 with the trial concluding in February 2019. As the U.S. Supreme Court has noted, because compensation received years after services are rendered is not equivalent to the same dollar amount received reasonably promptly, an appropriate adjustment for delay in payment, such as application of current hourly rates, is permissible. Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 283-84 (1989).

[3] Mr. Norwood was last awarded the hourly rate of $400.00 in a discrimination matter in September 2015 (Exhibit F at ¶ 10).

response).  As a result, Defendant only has itself to blame for the amount of attorney's fees incurred by Plaintiff's counsel.

Here, the time set forth in the billing records submitted by Plaintiff's counsel reflect the performance of the following reasonable and necessary tasks/activities: meetings and communications with clients; telephone conversations and correspondence (via letter and email) with opposing counsel; legal research; drafting pleadings; drafting initial disclosures; fact investigation; exchanging written discovery; reviewing voluminous amounts of documents; interviewing witnesses; preparing for and taking numerous depositions; attending court conferences; filing of jury instructions and a pretrial order; participation at multi-day trial; and post-trial motions, among other things.[4]  See Exhibit B: Declaration of Donald A. Donati. (Itemized Attorney Time Records). Accordingly, the Court should find the time spent by Plaintiff's counsel to be reasonable and necessarily incurred in this case.  When the amount of time expended is multiplied by Plaintiff's counsel's hourly rates, this equates to attorney's fees in the amount of $259,890.00.

Importantly, the attorney for the prevailing party is expected to make "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.  In doing so, counsel should use the same "billing judgment" any lawyer

---

[4] Courts have approved compensation for a broad range of tasks in addition to typical litigation time, including: (1) time spent prior to filing a lawsuit (Dowdell v. City of Apopka, 698 F.2d 1181, 1188 (11th Cir. 1983)); (2) time spent in conference and organization of a case file (Blum v. Witco Chem. Corp., 829 F.2d 367, 378 (3rd Cir. 1987), rev'd on other grounds, 888 F.2d 975 (1989)); (3) travel time (Rose Conf., Inc. v. Ambrosia, 816 F.2d 381, 396 (8th Cir. 1987); Craik v. Minn. State Univ. Bd., 738 F.2d 348, 350 (8th Cir. 1984)); (4) time spent preparing a fee application, negotiating fees and litigating fees (Quarantino v. Tiffany & Co., 166 F.3d 422, 428 (2d Cir. 1998); Jones v. MacMillan Bloedel Containers, Inc., 685 F.2d 236, 239 (8th Cir. 1982)); and (5) time spent working on unsuccessful claims (Hensley, 461 U.S. at 434).

in private practice is ethically obligated to exercise. Id. Here, Plaintiff's counsel has excluded duplicative time to the extent possible and entries reflecting counsel conferring with one another.

### 3. Plaintiff's Fees Should Not Be Reduced

In this case, Plaintiff does not seek a fee enhancement. Likewise, the Court should reject any argument made by Defendant to reduce the amount of attorney's fees sought by Plaintiff. In particular, the fees sought should not be reduced based on the excellent results obtained by the Plaintiff, who achieved all of the relief requested. Additionally, as noted previously, Defendant should not be heard to complain about the amount of fees sought by Plaintiff when Defendant's failure to make a meaningful effort to resolve the case forced Plaintiff's counsel to spend significant time and energy to successfully prosecute the case. Further, providing a full fee in a difficult and undesirable civil rights case involving offensive speech encourages attorneys to vindicate the rights of employees when attorneys might otherwise shy away from this type of representation. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Childress v. Williams, 1999 U.S. Dist. LEXIS 22983, at *6-7 (E.D. Mich. July 12, 1999).

"Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Here, Plaintiff was successful on all claims. (Docs. 64 and 95). Accordingly, Plaintiff respectfully requests that the Court not entertain any arguments from Defendant regarding reducing Plaintiff's attorney's fees.

### B. Plaintiff's Request for an Award of Costs/Expenses

Plaintiff should also be granted an award of costs/expenses. See Fed. R. Civ. P. 54(d)(1)("[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."

8

The costs courts may tax under Rule 54(d) are confined to the costs itemized in 28 U.S.C. § 1920. Sams v. State Attorneys Gen., 481 F.3d 355, 359 (6th Cir. 2007). Section 1920 provides that a judge or any clerk of the United States may tax as costs the following: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; and docket fees under section 1923 of this title. 28 U.S.C. § 1920.

Here, Plaintiff's attorneys incurred costs/expenses in the sum of $10,692.88 in advancing Plaintiff's case. (Exhibit B: Billing Records (Itemized Expenses) attached to Declaration of Donald Donati). These costs primarily consist of the filing fee, court reporter expenses, copying costs, and witness fees. Accordingly, the Court should find that all of these costs and expenses are reasonable and were necessary in the representation of Plaintiff in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs should be granted in full.

Respectfully submitted,

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Donald A. Donati #8633
William B. Ryan #20269
Bryce W. Ashby #26179
1545 Union Ave.
Memphis, TN 38104
Phone: 901/278-1004
Facsimile: 901/278-3111
billy@donatilaw.com
bryce@donatilawfirm.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing document has been served via the Court's ECF system on counsel for Defendants on July 18, 2019.

/s/Bryce W. Ashby