# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MICHAEL GOZA,

    Plaintiff,

v.                                                 CIVIL ACTION NO.: 17-CV-2873 JPM/dkv

MEMPHIS LIGHT GAS AND WATER DIVISION,
A division of the City of Memphis, Tennessee,

    Defendant.

---

### DEFENDANT'S MOTION AND MEMORANDUM TO STAY PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

---

Defendant Memphis Light, Gas & Water Division ("MLGW," "the Division," or "Defendant") moves for a stay pending appeal of briefing and decision of Plaintiff Michael Goza's Motion for Award of Attorneys' Fees and Costs under Section 1988(b). Section 1988(b) grants this Court discretion to award "the prevailing party . . . a reasonable attorney's fee" in cases alleging Section 1983 and 1981 claims such as here. In support of its Motion, MLGW states:

1. On June 24, 2019, the Court entered a Judgment in favor of Plaintiff Michael Goza ("Mr. Goza" or "Plaintiff") and against MLGW in the amount of $217,735.22, representing $160,881.51 in back pay, $26,853.71 in lost fringe benefits, and $5,666.01 in prejudgment interest.[1] The Court also awarded reasonable attorneys' fees and costs. [ECF ID 126.]

2. Plaintiff moved for an attorneys' fee award of $259,890.00 and $10,692.00 in costs on July 18, 2019. [ECF ID 132].

---

[1] The Court further ordered that Plaintiff Goza be reinstated as a Customer Service Tech III.

3. MLGW filed a Notice of Appeal on July 24, 2019, seeking review of the Court's Judgment by the Sixth Circuit. [ECF ID 135].

4. MLGW is filing a Motion to Stay the Court's Judgment contemporaneously with this Motion to Stay.

5. This Court's consideration of Plaintiff's Motion and the interests of judicial economy will benefit from such a stay for two reasons.

6. First, the pendency of an appeal means that the "prevailing party" has not been finalized. If the Sixth Circuit reverses the *merits* of the underlying claims, the formerly prevailing party no longer prevails and is no longer entitled to fees. *See, e.g., Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014); *Am. Atheists, Inc. v. City of Detroit Downtown Dev. Auth.*, 567 F.3d 278, 301 (6th Cir. 2009); *see also Jenkins v. Missouri*, 127 F.3d 709, 714 (8th Cir. 1997) ("Naturally, reversal on appeal of the merits can change a prevailing party into a non-prevailing party, and require that earlier fee awards be vacated."); *Taylor v. United States*, 749 F.2d 171, 173 (3d Cir. 1984) (reasoning that for analogous attorney fee provision of Equal Access to Justice Act, "[i]nasmuch as a plaintiff must be a prevailing party before he or she is entitled to EAJA fees, a *petition for a fee cannot be resolved until all appeals have run*") (emphasis added). For all the reasons explained in MLGW's Motion for Summary Judgment and Opposition to Plaintiff's Motion to Strike, there are at least substantial questions as to whether Mr. Goza's liability judgment (in whole or in part) will withstand appellate review. This Court should therefore stay proceedings and avoid expending judicial resources on a motion for fees that is not now – and may never be – necessary to resolve.

7. Second, even if Mr. Goza's liability judgment stands on appeal, the extent of Mr. Goza's success – gauged by the amounts of the compensatory damages awards and the claims to

which liability attaches – is likely to change. The Supreme Court has instructed that "the most critical factor" governing the reasonableness of a fee award "is the degree of success obtained." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)); see also *Glowacki v. Howell Pub. Sch. Dist.*, 566 Fed. App'x 451, 453 (6th Cir. 2014) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.") (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Therefore, it makes little sense to adjudicate Plaintiff's Motion for Fees under the current state of play when anything but a complete affirmance by the Sixth Circuit will require revisiting the fee award. Moreover, this Court's discretionary determination as to whether fees are appropriate will benefit from the Sixth Circuit's view regarding the merits of Mr. Goza's claims. *See Farrar v. Hobby*, 506 U.S. 103, 119 (1992) ("Section 1988 expressly grants district courts discretion to withhold attorney's fees from prevailing parties in appropriate circumstances: It states that a court 'may' award fees 'in its discretion.'") (quoting 42 U.S.C. § 1988)).

For the reasons set forth above, MLGW's Motion to Stay the briefing and decision of Plaintiff's Motion for Attorneys' Fees pending appeal should be granted.

## RULE 7.2(a)(1)(B) CERTIFICATE BY COUNSEL

The undersigned hereby certifies that counsel for MLGW, Jeff Weintraub, consulted with counsel for Plaintiff, Bryce Ashby and Don Donati, via email on July 25, 2019 regarding the contents of this Motion. Plaintiff's counsel indicated that they oppose this motion.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: */s/ Courtney L. Leyes*
    Jeff Weintraub (TN BPR #009686)
    Courtney Leyes (TN BPR #034012)
    1715 Aaron Brenner Drive, Ste 312
    Memphis, Tennessee 38120
    (901) 526-0431 – telephone
    (901) 526-8183 – facsimile
    jweintraub@fisherphillips.com
    cleyes@fisherphillips.com

    *Attorneys for Defendant,*
    *Memphis Light Gas & Water*

**CERTIFICATE OF SERVICE**

    I, Courtney L. Leyes, do hereby certify that on this 25th day of July, 2019, I filed the foregoing with the Clerk of Court utilizing the ECF-System, which sent a copy of same to the following:

Bryce W. Ashby
Donald Donati
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee  38104
Telephone:  901-278-1004
Fax:  901-278-3111
bryce@donatilaw.com
don@donatilaw.com

                                        */s/ Courtney L. Leyes*
                                        Courtney L. Leyes